UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:16cv62570

RAQUEL PISTOCCHI,

     Plaintiff,

v.

FINANCIAL BUSINESS AND CONSUMER
SOLUTIONS, INC.,

     Defendant.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**INJUNCTIVE RELIEF SOUGHT**

Plaintiff RAQUEL PISTOCCHI ("Plaintiff"), by and through undersigned counsel, seeks

redress for the illegal practices of Defendant FINANCIAL BUSINESS AND CONSUMER

SOLUTIONS, INC. ("Defendant"), to wit, for Defendant's violations of 47 U.S.C. § 227, the

Telephone Consumer Protection Act. and 15 U.S.C §1692, the Fair Debt Collection Practices Act,

and in support thereof, Plaintiff states the following:

**NATURE OF ACTION**

**I.    THE TELEPHONE CONSUMER PROTECTION ACT**

1.    The TCPA prohibits "any person within the United States … to make any call (other

than a call made for emergency purposes or made with the prior express consent of the called

party) using any automatic telephone dialing system or an artificial or prerecorded voice … to any

telephone number assigned to a paging service, cellular telephone service, specialized mobile radio

service, or other radio common carrier service, or any service for which the called party is charged

for the call . . ." 47 U.S.C. § 227(b)(1)(A).

2.      The TCPA defines "automatic telephone dialing system" or "ATDS" as "equipment which has the capacity - (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

3.      The TCPA provides for a private right of action under which persons and entities may obtain injunctive or monetary relief for violations of the Act, including statutory damages of $500 per violation. *Id.* § 227(b)(3). Statutory damages may be trebled if the violator is found to have acted willfully or knowingly. Id.

## II.     THE FAIR DEBT COLLECTION PRACTICES ACT

4.      The Fair Debt Collection Practices Act (the "FDCPA") is a series of statutes which prohibits a catalog of activities in connection with the collection of debts by third parties. *See* 15 U.S.C. §1692. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure [sic] that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

5.      In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692(b).

6.      The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collectors and provides for specific consumer

rights. 15 U.S.C. §1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

7.    Section 1692b of the FDCPA states, *inter alia*, that:

> Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall… not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous.

15 U.S.C. § 1692b(3).

8.    Section 1692d of the FDCPA prohibits the use of "any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt" 15 U.S.C. § 1692d. The six subsections of § 1692d set forth a non-exhaustive list of practices that fall within this ban, including, but not limited to: "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number. 15 U.S.C. § 1692d(5).

9.    As set forth in more detail below, Defendant has violated the aforementioned provisions of the TCPA and FDCPA, and as a result, Plaintiff seeks damages and/or injunctive relief for the same.

## JURISDICTION AND VENUE

10.    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C § 1331, and 28 U.S.C § 1337.

11.    Venue in this District is proper because Plaintiff resides here, Defendant transacts business here, and the complained conduct of Defendant occurred here.

## PARTIES

12.     Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

13.     Plaintiff is the holder and subscriber, with dominion and control, over a cellular telephone assigned the number ending in "9103."

14.     Defendant is a Pennsylvania corporation, with its principal place of business located in Hatboro, Pennsylvania.

15.     On information and belief, Defendant engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

16.     At all times material, Defendant was acting as a debt collector in respect to the collection of Plaintiff's debts.

## FACTUAL ALLEGATIONS

17.     Defendant and/or its agents called Plaintiff's cellular telephone an egregious number of times within the four years immediately preceding the filing of this Complaint.

18.     On a date better known by Defendant, without Plaintiff's knowledge or consent, Defendant commenced its incessant calling campaign in an attempt to locate and/or collect a debt from an individual other than Plaintiff, to wit, Ronald Douphin (the "Third-Party").

19.     In attempting to collect the aforementioned debt (the "Third-Party's Debt"), Defendant regularly called Plaintiff's cellular telephone.

20.     Plaintiff has not, at any time material hereto, provided her cellular telephone number to Defendant for the purpose which Defendant was calling, nor did Plaintiff consent to Defendant calling his cellular telephone.

21.     On information and belief, the Third-Party's Debt incurred such debt primarily for

personal, family, or household purposes.

22.    On information and belief, The Third-Party's Debt is a "debt" governed by the FCCPA. *See* 15 U.S.C §1692a(5).

23.    On information and belief, The Third-Party is a "consumer" within the meaning of the FDCPA. *See* 15 U.S.C §1692a(3).

24.    Defendant is a "debt collector" as defined by the FDCPA. *See* 15 U.S.C §1692a(6).

25.    Defendant utilized an ATDS and/or an artificial/prerecorded voice message when it and/or its agents called Plaintiff, in that:

    (a)    Defendant's use of an ATDS to call Plaintiff is evidenced by, including but not limited to, the distinct pause regularly noticed by Plaintiff – whereby when Plaintiff would answer Defendant and/or its agent's telephone call, there was a noticeable pause before Defendant and/or its agent would begin speaking; and

    (b)    Defendant's use of pre-recorded messages and/or calls made by an ATDS is exemplified by, including but not limited to, voicemails Defendant left for on Plaintiff's cellular telephone.

26.    Defendant, by and through the utilization of an artificial/prerecorded voice, has repeatedly left voicemails on Plaintiff's cellular telephone.

27.    In the moments prior to leaving the aforementioned voicemails, Plaintiff's automated voicemail system prompted Defendant that the telephone number dialed by Defendant was owned by Plaintiff, e.g., *"You have reached the voicemail of Raquel Pistocchi*."

28.    Defendant's repeated and intrusive calls came with such frequency, to the point where Plaintiff felt constantly harassed.

29.    Plaintiff has repeatedly told Defendant that she is not Ronald Douphin and to cease placing calls to her cellular telephone.

30.    On information and belief, the total number of calls received by Plaintiff from Defendant, whereby Defendant otherwise sought to communicate with the Third-Party, is at least 40 calls.

31.    Despite Plaintiff's repeated demands, Defendant continued to place, automatically dialed telephone calls and/or artificial/prerecorded calls to Plaintiff's cellular telephone.

32.    As of the filing of this action, Defendant's willful and knowing practice of placing numerous and repeated automatically dialed or prerecorded telephone calls to Plaintiff's cellular telephone continues unabated.

## COUNT I
## VIOLATION OF THE TCPA

33.    Plaintiff incorporates by reference paragraphs 17-32 of this Complaint as though fully stated herein.

34.    The TCPA provides, in relevant part:

> It shall be unlawful for any person within the United States... to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice ... to any telephone number assigned to a paging service, cellular telephone service ... or any service for which the called party is charged for the call.

47 U.S.C. § 227(b)(1)(A)(iii).

35.    Defendant and/or its agents placed at least 40 unsolicited telephone calls to Plaintiff cellular phone without Plaintiff's prior consent and utilized an ATDS and/or an artificial/prerecorded voice message in making such calls.

36.    Because Plaintiff's voicemail system informed callers that the number the caller

dialed belongs to Plaintiff, at the very minimum, all calls Defendant made to Plaintiff's cellular phone *after* leaving the aforementioned voicemail were made full-well knowing that Defendant was *not* calling the Third-Party, but rather, Plaintiff.

37.     Even after receiving unequivocal instructions/information to the contrary, to wit, to stop calling Plaintiff and/or that the number dialed was not that of the Ronald Douphin, Defendant has placed, and continues to place egregious number of daily calls to Plaintiff using an automatic telephone dialing system or an artificial or prerecorded voice.

38.     In light of the preceding, Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii), and as a result, Plaintiff suffered actual damages in the form of monies paid to receive unsolicited telephone calls.

39.     Plaintiff seeks an Order under §227(b)(3)(B) awarding a minimum of $500.00 in damages for each of Defendant's violations of the TCPA. *See* Alea London Ltd. v. Am. Home Servs., Inc., 638 F.3d 768, 776 (11th Cir.20110) (stating that the TCPA is essentially a strict liability statute that does not require any intent except when awarding treble damages).

40.     Alternatively, pursuant to §227(b)(3)(C) of the TCPA, the Court can award treble damages ($1,500.00) for each willful and knowingly violation of the TCPA committed by Defendant.

41.     As set forth above, Defendant continued to call Plaintiff's cellular telephone after Plaintiff had advised Defendant that she (Plaintiff) was not the Third-Party, after Defendant heard Plaintiff's voicemail greeting, and after otherwise being told Defendant to stop calling.

42.     Therefore, the Court should award treble damages ($1,500.00) for each violation of the TCPA committed by Defendant because such violations were committed willfully or knowingly, as well as enjoining Defendant's unlawful telephone calling activities pursuant to

§227(b)(3)(A) of the TCPA.

## COUNT II.
## VIOLATION OF THE FDCPA

43.     Plaintiff incorporates by reference paragraphs 17-32 of this Complaint as though fully stated herein.

44.     The FDCPA is a strict liability statute. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); See also Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA).

45.     The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act [15 U.S.C §1601], is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107 (10th Cir. 2002).

46.     In determining whether a debt collector has violated the FDCPA, the debt collector's actions are considered through the least sophisticated consumer lenses. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1175 (11th Cir. 1985) (holding that, "because we believe that the FDCPA's purpose of protecting consumers is best served by a definition of deceive that looks to the tendency of language to mislead the least sophisticated recipients of a debt collector's letters and telephone calls, we adopt the [] standard of **least sophisticated consumer**…" (emphasis added) (internal quotations and citations omitted)).

47.     In light of the preceding, Defendant has violated the FDCPA, to wit,

(a)     Section 1692b(3) of the FDCPA by communicating with Plaintiff more than once without the reasonable belief that Plaintiff's earlier response was erroneous or incomplete and now Plaintiff has the correct or complete information.

(b)     Sections 1692d and 1692d(5) by causing Plaintiff's cellular telephone to ring and/or engage Plaintiff in telephone conversation repeatedly with the intention of annoying and/or harassing Plaintiff, as Plaintiff had repeatedly advised Defendant that it was not the Third-Party and to *stop calling*; however, Defendant would not stop.

48.     As a result of Defendant's aforementioned FDCPA violations, Plaintiff has suffered actual damages, including but not limited to mental suffering, anguish, loss of income, and personal and/or financial credibility, whereby Plaintiff is entitled to relief for such, in addition to statutory damages, attorney's fee and court costs.

## DEMAND FOR JURY TRIAL

49.     Plaintiff respectfully demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

(a)     Statutory damages of $500.00 for each TCPA violation determined to be negligent, pursuant to 47 U.S.C. § 227(b)(3)(B);

(b)     Treble damages of $1,500.00 for each TCPA violation determined to be willful and/or knowing, pursuant to 47 U.S.C. § 227(b)(3)(C);

(c)     Actual damages for the TCPA violations committed by the Defendant.

(d)     An injunction requiring Defendant to cease all unsolicited telephone calling activities;

(e)     Statutory and actual damages, as provided under 15 U.S.C. §1692k, for the FDCPA violations committed by Defendant in attempting to collect the Consumer Debt.

(f)      Costs and reasonable attorneys' fees as provided by both 15 U.S.C. §1692k;

(g)     Any other relief that this Court deems appropriate and just under the circumstances.

DATED: October 30, 2016


Respectfully Submitted,

 /s/ Jibrael S. Hindi                                        .
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:     jibrael@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:     954-907-1136
Fax:        855-529-9540

          AND

 /s/ Thomas J. Patti                                       .
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:     tpatti@thomasjohnlaw.com
Thomas-John Law, P.A.
110 SE 6th Street, Suite 1700
Fort Lauderdale, Florida 33301
Phone:     954-543-1325
Fax:        954-507-9975

*COUNSEL FOR PLAINTIFF*